# EXHIBIT A



COPY

JUL 1 5 2014

MICHAEL K. JEANES CLERK
MILLER
DEPUTY CLERK

1   Kevin D. Neal (Bar No. 011640)
    Kimberly G. Allen (Bar No. 029783)
2   GALLAGHER & KENNEDY, P.A.
    2575 East Camelback Road
3   Phoenix, Arizona 85016-9225
    Telephone:   (602) 530-8000
4   Facsimile:   (602) 530-8500
    kevin.neal@gknet.com
5   kim.allen@gknet.com

6   Attorneys for Plaintiffs Philip A. Marsteller and
    Ruth Marsteller
7

8              SUPERIOR COURT OF THE STATE OF ARIZONA

9                        COUNTY OF MARICOPA

10  PHILIP A. MARSTELLER and RUTH          Case No.  CV 2014-009580
    MARSTELLER, a married couple,
11                                         COMPLAINT
                Plaintiffs
12
    v.
13
    MD HELICOPTER, INC., an Arizona
14  Corporation; LYNN TILTON, an
    individual; and PATRIARCH PARTNERS
15  MANAGEMENT GROUP, LLC, a
    Delaware Corporation,
16
                Defendants
17

18          Philip and Ruth Marsteller (the "Marstellers"), by and through their undersigned

19  counsel hereby assert claims against MD Helicopters, Inc., ("MDHI"), Lynn Tilton, and

20  Patriarch Partners Management Group, LLC.  In support thereof, the Marstellers allege as

21  follows:

22                       **CLAIMS AGAINST DEFENDANT MDHI**

23                          **JURISDICTION AND VENUE**

24      1.      Plaintiff Philip Marsteller is a resident of Maricopa County, Arizona.

25      2.      Plaintiff Ruth Marsteller is a resident of Maricopa County, Arizona and wife

26  of Plaintiff Philip Marsteller.

Gallagher & Kennedy, P.A.
2575 East Camelback Road
Phoenix, Arizona 85016-9225
(602) 530-8000

1   3.   Defendant MD Helicopters, Inc. ("MDHI") is an Arizona corporation that is
2   present and doing business in Mesa, Arizona, and has caused events to occur in Maricopa
3   County out of which the claims set forth in this action arise.

4   4.   The acts alleged in this Complaint include acts that occurred in Maricopa
5   County, and the amount in controversy is sufficient to satisfy this Court's jurisdictional
6   requirement.

7   5.   This Court has jurisdiction in this action under Ariz. Const. art. 6, §14, and
8   A.R.S. § 12-123.

9   6.   Venue is proper in this Court under A.R.S. § 12-401.

10   7.   The amount in controversy exceeds the minimal jurisdictional limits of this
11   Court.

12   **GENERAL ALLEGATIONS**

13   8.   MDHI is in the business of manufacturing and selling helicopters to private,
14   public, and governmental entities.   MDHI also sells parts and repairs and facilitates
15   overhauls of helicopters.

16   9.   Mr. Marsteller was an employee of MDHI from January 2012 until August
17   23, 2013.

18   10.   Upon his hiring, Mr. Marsteller and MDHI entered into a Sales
19   Compensation Plan Agreement in January 2012 ("the Agreement").

20   11.   The Agreement provided, inter alia, that

21   "Commissions will be paid on the gross sales amount. .
22   .Commissions will be paid based on the specific
    aircraft deposit schedule. . .If no deposit received,
    commission paid 100% at delivery. . .Payments will be
23   made expeditiously."

24   12.   The Agreement was silent as to commissions owed after an employee's
25   release and/or termination.

26

4259044v1/24749-0001                                       2

13.    Mr. Marsteller faithfully performed his end of the parties' bargain. He served MDHI with dedication, and they reaped the benefits. Mr. Marsteller generated millions of dollars in gross sales, and Defendants realized significant profits on those sales.

14.    MDHI summarily fired Mr. Marsteller on August 23, 2013.

15.    Prior to Mr. Marsteller's termination, Mr. Marsteller executed four (4) sales contracts for which commissions are currently owed.

16.    MDHI has failed to make payment to Mr. Marsteller of all wages/commissions owed to him for the executed sales contracts.

17.    Mr. Marsteller has demanded that MDHI pay him for the wages to which he is entitled. Despite his demand, MDHI has failed and continues to refuse to pay him the wages to which he is entitled.

### COUNT ONE: FAILURE TO PAY WAGES

18.    Mr. Marsteller restates and incorporates herein by reference paragraphs 1 through 16 of his Complaint, above.

19.    During Mr. Marsteller' s employment with MDHI he was their "employee" within the meaning of A.R.S. §§ 23-350 to 23-355.

20.    During Mr. Marsteller's employment with MDHI, MDHI was his "employer" within the meaning of A.R.S. §§ 23-350 to 23-355.

21.    Prior to Mr. Marsteller' s termination, Mr. Marsteller executed four (4) sales contracts for which commissions are currently owed.

22.    The commissions on the four executed sales contracts were owed between September 2013 and January 2014 based upon the executed sales contracts and per the Agreement.

23.    On October 21, 2013 Mr. Marsteller sent a letter to Defendant MDHI requesting payment of outstanding commissions and wages in the amount of $96,800.00.

4259044v1/24749-0001                    3

1     24.    On October 28, 2013, Mr. Marsteller received a letter from counsel for

2  MDHI stating "Arizona employers have discretion to determine the parameters of their

3  commission and wage plans."  MDHI summarily refused to pay Mr. Marsteller's

4  commissions.

5     25.    The monies to which Mr. Marsteller is entitled and that MDHI has refused

6  to pay as described in this Complaint constitute "wages" within the meaning of A.R.S. §§

7  23-350 to 23-355.

8     26.    MDHI's failure and refusal to pay Mr. Marsteller the wages that are due to

9  him as described in this Complaint constitutes a violation of A.R.S. §§ 23-350 to 23-355

10  entitling him to recover damages from MDHI.

11                    **COUNT TWO: BREACH OF CONTRACT**

12     27.    Mr. Marsteller restates and incorporates by reference paragraphs 1 through

13  26 of his Complaint above.

14     28.    The Agreement was a contract entered into between MDHI and Mr.

15  Marsteller.

16     29.    MDHI's failure and refusal to pay Mr. Marsteller the wages that are due to

17  him as described in this Complaint constitutes a breach of contract that has caused Mr.

18  Marsteller to incur damages and entitles him to recover damages from MDHI.

19    **COUNT THREE: BREACH OF COVENANT OF GOOD FAITH AND FAIR**

20                          **DEALING**

21     30.    Mr. Marsteller restates and incorporates here by reference paragraphs 1

22  through 29 of his Complaint, above.

23     31.    A valid contractual relationship, the Agreement, existed between Mr.

24  Marsteller and MDHI.

25

26

1      32.    The contractual relationship that existed between Mr. Marsteller and MDHI
2  included an implied promise to act fairly and in good faith in their dealings with each
3  other, and not to impair their rights to receive the benefits of their agreements.
4      33.    MDHI's failure and refusal to pay Mr. Marsteller the wages that are due to
5  him as described in this Complaint constitutes a breach of the implied covenant of good
6  faith and fair dealing that has caused Mr. Marsteller to incur damages, entitling him to
7  recover damages from the defendants.
8      WHEREFORE, Mr. Marsteller requests judgment against defendant MDHI on
9  Count 1 thru 3 as follows:
10      a.  for compensatory and treble damages in an amount to be determined at
11  trial, and pre-judgment and post-judgment interest thereon at the legal rate until paid;
12      b.  for costs, disbursements, and attorneys'' fees in accord with A.R.S. §§
13  12-341 and 12-341.01; and
14      c.  for such other and further relief that the Court deems appropriate.
15  **CLAIMS AGAINST DEFENDANTS MDHI, LYNN TILTON AND PATRIARCH**
16  **PARTNERS MANAGEMENT GROUP, LLC**
17  **JURISDICTION AND VENUE**
18      34.    This civil action is brought forth to remedy Defendants' willful and wanton
19  violations of Plaintiff Philip Marsteller as protected by State and Federal Laws.
20      35.    Defendants have committed acts and caused events to occur in the county of
21  Maricopa and the state of Arizona which are the foundation of this action and out of
22  which this action arises.
23      36.    Plaintiff Philip Marsteller is a resident of Maricopa County, Arizona.
24      37.    Plaintiff Ruth Marsteller is a resident of Maricopa County, Arizona and wife
25  of Plaintiff Philip Marsteller.
26

4259044v1/24749-0001        5

38.     Defendant MD Helicopters, Inc. ("MDHI") is an Arizona corporation that is present and doing business in Mesa, Arizona, and has caused events to occur in Maricopa County out of which the claims set forth in this action arise.

39.     Defendant Patriarch Partners Management Group, LLC is a for-profit debt and equity investment company incorporated in Delaware and headquartered in New York.  Patriarch Partners Management Group, LLC is the primary investor in MDHI.

40.     Defendant Lynn Tilton is the founder and Chief Executive Officer of Patriarch Partners Management Group, LLC, and Chief Executive Officer of MD Helicopters, Inc. ("MDHI"), and chief decision making individual for both ventures.

41.     Defendant Tilton is a significant shareholder or stakeholder in Patriarch Partners and MDHI.  Defendant Tilton uses Defendant Patriarch and MDHI as a mere tool or business conduit for some of her personal dealings.   There is such unity between Defendant Tilton and Defendant Patriarch and MDHI that their separateness has ceased.  Based on the dealings, events, occurrences, and transactions alleged herein, allowing Defendant Tilton to use Defendant Patriarch and/or Defendant MDHI to shield herself from personal liability to Plaintiffs Marsteller would result in injustice.

42.     The acts alleged in this Complaint include acts that occurred in Maricopa County, and the amount in controversy is sufficient to satisfy this Court's jurisdictional requirement.

43.     This Court has jurisdiction in this action under Ariz. Const. art. 6, §14 and A.R.S. § 12-123.

44.     Venue is proper in this Court under A.R.S. § 12-401 and 28 U.S.C. §1391.

45.     The amount in controversy exceeds the minimal jurisdictional limits of this Court.

**GENERAL ALLEGATIONS**

46.     Mr. Marsteller was employed by MDHI from January 2012 to August 23, 2013.  Mr. Marsteller enjoyed great success at MDHI, closing millions of dollars in helicopter sales around the globe.  Mr. Marsteller's employment situation changed abruptly and deteriorated thereafter in June 2012, when he complained of MDHI defrauding the government.

47.     From June 2012 until August 2013, Defendants discriminated and retaliated against Mr. Marsteller based on his opposition to Defendants' fraudulent contracting and illegal hiring practices and his opposition to such retaliation.

48.     As Director of Sales and Marketing for MDHI, Mr. Marsteller had intimate knowledge regarding the pricing of several types of helicopters sold to the United States Military.

49.     As a high-level employee, Mr. Marsteller also had intimate knowledge of the hiring practices of MDHI.

50.     Norbert Vergez, now a retired Army Colonel who was formerly the project manager for the United States Army's Non-Standard Rotary Wing Aircraft Project office (NSRWA) in Huntsville, Alabama.

51.     Upon information and belief, Defendant Tilton and Vergez discussed the subject of Vergez' employment following Vergez' anticipated retirement from active federal military service.  An agreement was reached that Vergez would be hired by either MDHI or Patriarch Partners following retirement.

52.     Upon information and belief, on several occasions between January 2011 and August 2013, MDHI misrepresented to the United States Army that its base commercial price for several of its helicopter models was hundreds of thousands of dollars greater than the actual price per unit.  As an example, MDHI told the United States Army that its base commercial price for each of its MD 530F Standard Helicopters was

1   $2,300,000.  In fact, MDHI's actual base commercial price for the helicopters, per unit,
2   was hundreds of thousands of dollars less.

3        53.   MDHI obtained several government military contracts for the sale of
4   helicopters through the assistance of Vergez prior to his employment with MDHI and
5   prior to his retirement from the U.S. Army.

6        54.   On April 6, 2012, Mr. Marsteller met with Carl Schopfer, then Chief
7   Operations Officer and later President of MDHI and Ben Weiser, former Executive Vice
8   President of Sales and Marketing for MDHI, regarding the pricing of the 530F to the
9   government.  The stated price was $2.3 million wherein the actual price was $2.15
10  million.  Mr. Marsteller voiced concerns that MDHI was overcharging the government on
11  the price of the 530F.  Mr. Weiser stated it's "just a little fine."  Mr. Marsteller stated "no,
12  it's criminal."

13       55.   Between June 1, 2012 and August 1, 2012, Mr. Marsteller voiced his
14  concerns regarding the hiring of Col. Norbert Vergez and the fraudulent overpricing of
15  aircrafts sold to the United States government to Mr. Schopfer, Mike Motohari, then Vice
16  President of Operations and later Chief Operating Officer of MDHI, Scott Whalen, Vice
17  President of Patriarch Partners, Mike Kelley, Chief Financial Officer of MDHI, John
18  Celigoy, Director of Military Programs, Wayne Rubbey, Vice President of Programs for
19  MDHI, Andrew Cairns, Director at MDHI, Steve Reyna, Director at MDHI, and Jason
20  Ball, former Director of IT, and David Ruppert, former In-house counsel for MDHI, and
21  others.

22       56.   Mr. Marsteller told Mr. Schopfer that hiring Vergez to work for MDHI
23  would be a violation of the law.  In that same meeting, Mr. Marsteller also voiced
24  concerns regarding the apparent overcharging on the military contracts for the sale of
25  certain aircraft.  Mr. Marsteller asked that Defendant Tilton be notified of his concerns to
26  make her aware of the dishonest, corrupt and fraudulent behavior.

57.     During these conversations, Mr. Schopfer stated he had no concern and did not want to discuss it. Mr. Whalen stated it would not be good if the hiring of Col. Vergez became public but that it was MDHI's decision.

58.     In July and/or August 2012, after putting his sales team together at the direction of Defendant Tilton, Mr. Marsteller, who was initially hired to be Director of Sales and Marketing for all of MDHI, was demoted to Director of Sales and Marketing for only Latin America.

59.     Eventually, Mr. Marsteller was excluded from all meetings dealing with helicopter sales to the Costa Rican Government as a result of his discussions with those in management at MDHI concerning their corrupt, fraudulent, and illegal practices of gauging the government and hiring practices.

60.     On or about September 24, 2012, Mr. Marsteller voiced additional concerns regarding the illegal hiring of Vergez and the fraudulent aircraft overpricing to Perry Orr, John Celigoy, Wayne Rubey, Andrew Cairns, Jason Ball, and other upper management level employees.

61.     In December 2012, during the delivery of the first helicopter to Costa Rica and the demonstration of the 530F aircraft, John Celigoy, then Director of Military Programs, confronted Mr. Marsteller telling him he would soon be fired.

62.     In January 2013, Mr. Marsteller spoke with Craig Kitchen, Chief Commercial Officer, about the illegal hiring of Vergez and the illegalities and deceptive practice of overcharging the government on the aircraft. Mr. Marsteller's concerns went unanswered.

63.     In March 2013, Mr. Marsteller met with Chief Counsel of MDHI, David Ruppert, and again expressed concern for Vergez' involvement in MDHI's procurement of military contracts and aircraft overpricing.

64.     Again in April 2013, Mr. Marsteller discussed with Scott Whalen, then Vice President of Defendant Patriarch Partners, the same concerns he voiced previously regarding the illegal hiring of Vergez and the overpricing issues.

65.     Despite Mr. Marsteller's concerns, Vergez continued to remain involved in the procurement of military contracts prior to his retirement from the military.

66.     In early August 2013, Mr. Marsteller was denied pricing support by MDHI, ultimately denying Mr. Marsteller the ability to close sales and perform his job as hired to do so.

67.     On numerous occasions from June 2012 to August 2013, Mr. Marsteller complained of, reported, and opposed Defendants' fraudulent and deceptive contracting practices against the federal government, their illegal hiring of Col. Norbert Vergez, and their retaliatory treatment of his for reporting and opposing it.  Defendants responded to Mr. Marsteller's concerns by continuing its pattern of retaliation against him based on such complaints, reports, and opposition.

68.     On August 23, 2013, MDHI was served with a letter notifying it that the Department of Justice was in the process of investigating MDHI's illegal hiring of Vergez and the overpricing of certain aircraft.

69.     The letter was received by David Ruppert who took it to Defendant Tilton. Defendant Tilton started shouting and cursing, stating they had a "whistleblower," Mr. Marsteller.

70.     At approximately 4:00 p.m., Mr. Schopfer escorted Mr. Marsteller into Suzanne Strickland's, then Director of Human Resources, office.  Ms. Strickland was accompanied by Mr. Ruppert.  Mr. Schopfer told Mr. Marsteller, "we are releasing you immediately . . . you are not working in the best interest of the company and we are going to let you go."  This was presumably a collective decision spearheaded by Ms. Tilton and Mr. Schopfer.

71.     Within minutes, Mr. Marsteller was escorted out of the building.

72.     On August 23, 2013, several MDHI employees overheard Defendant Tilton stating that Mr. Marsteller was the leak, the whistleblower, and that is why the investigation was taking place.

73.     Mr. Marsteller received a call from Craig Kitchen that afternoon expressing his disbelief at Mr. Marsteller's termination and further expressed concern that it was presumably because of information Mr. Marsteller was thought to have provided to the federal government.

74.     On August 24, 2013 at 11:20 a.m., Mr. Ruppert called Mr. Marsteller, leaving a message and stating he was calling to "remind you [Mr. Marsteller] of your confidentiality clause of your confidentiality agreement."

75.     That same day, August 24, 2013, Mr. Marsteller returned Mr. Ruppert's phone call. Mr. Ruppert asked Mr. Marsteller to re-sign his confidentiality agreement.

76.     In April 2014, at an "all-hands meeting", Defendant Tilton, in regards to an Associated Press article concerning the illegal hiring of Vergez, was heard by several MDHI employees stating, "I thought I got rid of the leak when I got rid of Marsteller."

77.     On June 6, 2014, Mr. Marsteller was served with a lawsuit filed by MDHI. The lawsuit alleged breach of Mr. Marsteller's confidentiality and non-disclosure agreement.

## COUNT 4: RETALIATION

78.     MDHI is covered by the anti-retaliation provision of the FCA, 31 U.S.C.A. § 3730(h).

79.     Patriarch Partners is covered by the anti-retaliation provision of the FCA, 31 U.S.C.A. § 3730(h).

80.     Lynn Tilton is covered by the anti-retaliation provision of the FCA, 31 U.S.C.A. § 3730(h).

81.     Mr. Marsteller is an individual who has engaged in protected activity under 31 U.S.C.A. § 3730(h). Defendants were aware that Mr. Marsteller had engaged in this protected activity under 31 U.S.C.A. § 3730(h) and then willfully and wantonly retaliated against Mr. Marsteller based on his engagement in this protected activity. In doing so, Defendants violated the anti-retaliation provision of the FCA, 31 U.S.C.A. § 3730(h).

82.     Mr. Marsteller's actions were fueled by, or at least somewhat connected to, suspected fraud against the government by Defendants. When Mr. Marsteller engaged in voicing concerns regarding these acts, he was not merely attempting to convince anyone to comply with laws and regulations. He was attempting to root out, stop, and prevent fraud against the government. Mr. Marsteller, in good faith, believed, and a reasonable employee in the same or similar circumstance might have believed, that Defendants, acting through on behalf of themselves and through its agents, was possibly committing fraud against the government.

83.     Defendants took one or more adverse employment actions against Mr. Marsteller based on his engagement in  protected activity under 31 U.S.C.A. § 3730(h) and in doing so, Defendants violated 31 U.S.C.A. § 3730(h).

84.     Defendants' violations of 31 U.S.C.A. § 3730(h) as alleged herein is part of a continuing pattern and practice of willful and wanton harassment and retaliation against Mr. Marsteller based on his engagement in protected activity under 31 U.S.C.A. § 3730(h).

85.     Mr. Marsteller engaged in protected activity under the FCA when he investigated and reported fraud associated with Defendants' fraudulent business practices on federal government contracts and illegal hiring. Defendants were aware of Mr. Marsteller's engagement in protected activity under the FCA, and retaliated against Mr. Marsteller based on his engagement in protected activity under the FCA. They did so by demoting his sales territory, excluding him from meetings and matters critical to the

1   performance of his job, failing to provide information essential to the performance of his

2   job, and then constructively firing him from his employment with Defendants, and filing a

3   lawsuit against Mr. Marsteller and Mrs. Marsteller in violation of the Arizona anti-SLAPP

4   provision.

5         86.    Defendants' actions were intentional and unprivileged.

6         87.    Mr. Marsteller has been damaged by Defendants by sums to be proved at

7   trial.

8         88.    As a result of the willful, malicious and gross misconduct of Defendants,

9   Mr. Marsteller has suffered severe emotional distress and mental anguish for which he has

10  been damaged.

11        89.    As a result of the willful, malicious and gross misconduct of Defendants,

12  Mr. Marsteller has suffered a loss of consortium for him and his family over the past two

13  years.

14        90.    Defendants' continuous pattern of willful and wanton retaliation against Mr.

15  Marsteller has ultimately caused his wife, Ruth Marsteller to suffer extreme mental

16  anguish and emotional distress.

17        91.    Defendants' continuous pattern of willful and wanton retaliation against Mr.

18  Marsteller has resulted in a loss of income, including commissions and a hardship upon

19  his family.

20        WHEREFORE, Plaintiffs, Phillip Marsteller and Ruth Marsteller, request judgment

21  in their favor and against Defendants as follows:

22        a)    For all injunctive and declaratory relief necessary, including a declaration

23  that Defendants' conduct violated the all applicable federal and state tort laws, enjoining

24  Defendants' from conduct violating Mr. Marsteller's federal and state civil rights,

25  enjoining Defendants' from conduct violating Mr. Marsteller's co-workers federal and

26  state civil rights, enjoining Defendants' from conduct violating federal and state

1   contracting and procurement laws by correcting its faulty business infrastructure, and

2   injunctive relief requiring Defendants' to reinstate Mr. Marsteller to his position of

3   Director of Sales and Marketing for the entirety of MDHI with the appropriate

4   compensation, conditions, and privileges;

5        b)    For actual, consequential, and incidental damages as alleged herein or as

6   proven at trial;

7        c)    For back pay Mr. Marsteller would have earned, with related monetary

8   benefits and interest thereon, had Defendants not committed the unlawful acts as alleged

9   herein or as proven at trial;

10        d)    For punitive damages Mr. Marsteller is entitled to as a result of Defendants'

11   willful, malicious and gross misconduct in Defendants' unlawful actions against Mr.

12   Marsteller and as alleged herein or as proven at trial;

13        e)    For such other and further damages Mr. Marsteller may be entitled to as a

14   matter of law as a result of Defendants' willful, malicious and gross misconduct in

15   Defendants' unlawful actions against Mr. Marsteller and as alleged herein or as proven at

16   trial;

17        f)    For attorney's fees and costs incurred in this matter pursuant to any statute,

18   rule or applicable regulation;

19        g)    For interest on each such element of damage, cost or attorney's fees at the

20   highest legal rate from the date such damage, cost or attorney's fees was incurred until

21   paid;

22        h)    For damages due to loss of consortium for Mr. Marsteller and his family as

23   a result of Defendants' willful, malicious and gross misconduct against Mr. Marsteller;

24   and

25

26

i)      For such other and further relief as the Court deems just and proper.

DATED this 15$^{m}$ day of July, 2014.

                                        GALLAGHER & KENNEDY, P.A.

                                        By:
                                            Kevin D. Neal
                                            Kimberly G. Allen
                                            2575 East Camelback Road
                                            Phoenix, Arizona  85016-9225
                                            Attorneys for Plaintiffs Philip A.
                                            Marsteller and Ruth Marsteller

4259044v1/24749-0001

15

COPY

JUL 1 5 2014

MICHAEL K. JEANES, CLERK
- MILLER
DEPUTY CLERK

Kevin D. Neal (Bar No. 011640)
Kimberly G. Allen (Bar No. 029783)
GALLAGHER & KENNEDY, P.A.
2575 East Camelback Road
Phoenix, Arizona 85016-9225
Telephone:   (602) 530-8000
Facsimile:   (602) 530-8500
kevin.neal@gknet.com
kim.allen@gknet.com
Attorneys for Plaintiffs Philip A. Marsteller and
Ruth Marsteller

SUPERIOR COURT OF THE STATE OF ARIZONA

COUNTY OF MARICOPA

CV 2014-009580

| | |
|---|---|
| PHILIP A. MARSTELLER and RUTH MARSTELLER, a married couple, | Case No. |
| | **DEMAND FOR JURY TRIAL** |
| Plaintiffs | |
| v. | |
| MD HELICOPTER, INC., an Arizona Corporation; LYNN TILTON, an individual; and PATRIARCH PARTNERS MANAGEMENT GROUP, LLC, a Delaware Corporation, | |
| Defendants | |

Plaintiffs, by and through counsel undersigned, hereby request a trial by jury as to all triable issues in the above-captioned matter.

DATED this 15+ day of July, 2014.

GALLAGHER & KENNEDY, P.A.

By: _____
Kevin D. Neal
Kimberly G. Allen
2575 East Camelback Road
Phoenix, Arizona 85016-9225
Attorneys for Plaintiffs Philip A. Marsteller and Ruth Marsteller

Gallagher & Kennedy, P.A.
2575 East Camelback Road
Phoenix, Arizona 85016-9225
(602) 530-8000

4315371v1/24749-0001



1    Kevin D. Neal (Bar No. 011640)
2    Kimberly G. Allen (Bar No. 029783)
     GALLAGHER & KENNEDY, P.A.
3    2575 East Camelback Road
     Phoenix, Arizona 85016-9225
4    Telephone:   (602) 530-8000
     Facsimile:   (602) 530-8500
5    kevin.neal@gknet.com
     kim.allen@gknet.com
6    Attorneys for Plaintiffs Philip A. Marsteller and
7    Ruth Marsteller

JUL 1 6 2014

MICHAEL K. JEANES, CLERK
T. MILLER
DEPUTY CLERK

8              **SUPERIOR COURT OF THE STATE OF ARIZONA**

9                      **COUNTY OF MARICOPA**

10   PHILIP A. MARSTELLER and RUTH        Case No.    CV 2014-009580
     MARSTELLER, a married couple,
11                                         **CERTIFICATE OF COMPULSORY**
                  Plaintiffs               **ARBITRATION**
12
13   v.

14   MD HELICOPTER, INC., an Arizona
     Corporation; LYNN TILTON, an
15   individual; and PATRIARCH PARTNERS
     MANAGEMENT GROUP, LLC, a
16   Delaware Corporation,

17               Defendants

18          Plaintiffs, through counsel undersigned, hereby certify that the largest award

19   sought by Plaintiffs, including punitive damages, but excluding interest, attorneys' fees

20   and costs, does exceed the limits set by Local Rule for compulsory arbitration.  This case

21   is not subject to the Rules of Civil Procedure regarding arbitration.

22
23
24
25
26

Gallagher & Kennedy, P.A.
2575 East Camelback Road
Phoenix, Arizona 85016-9225
(602) 530-8000

4315370v1/24749-0001

1

DATED this 15th day of July, 2014.

2

3                                          GALLAGHER & KENNEDY, P.A.

4

5    By:

Kevin D. Neal
6    Kimberly G. Allen
2575 East Camelback Road
7    Phoenix, Arizona  85016-9225
Attorneys for Plaintiffs Philip A.
8    Marsteller and Ruth Marsteller

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

4315370v1/24749-0001

2

*4:35pm 7/22/14*

1   Kevin D. Neal (Bar No. 011640)
    Kimberly G. Allen (Bar No. 029783)
2   GALLAGHER & KENNEDY, P.A.
    2575 East Camelback Road
3   Phoenix, Arizona 85016-9225
    Telephone:   (602) 530-8000
4   Facsimile:   (602) 530-8500
    kevin.neal@gknet.com
5   kim.allen@gknet.com

6   Attorneys for Plaintiffs Philip A. Marsteller and
    Ruth Marsteller
7

8              **SUPERIOR COURT OF THE STATE OF ARIZONA**

9                    **COUNTY OF MARICOPA**

10  PHILIP A. MARSTELLER and RUTH          Case No.    CV 2 0 1 4 - 0 0 9 5 8 0
    MARSTELLER, a married couple,
11                                         **SUMMONS**
                    Plaintiffs
12                                         If you would like legal advice from a lawyer,
    v.                                     contact the Lawyer Referral Service at
13                                         602-257-4434
    MD HELICOPTER, INC., an Arizona        or
14  Corporation; LYNN TILTON, an           www.maricopalawyers.org
    individual; and PATRIARCH PARTNERS     Sponsored by the
15  MANAGEMENT GROUP, LLC, a               Maricopa County Bar Association
    Delaware Corporation,
16
                    Defendants
17

18

19  THE STATE OF ARIZONA TO THE DEFENDANT:

20                    **MD HELICOPTERS, INC.**
                  **c/o David W. Kesh, Statutory Agent**
21                 **3200 N. Central Ave, Suite 1600**
                      **Phoenix, AZ 85012**
22

23       YOU ARE HEREBY SUMMONED and required to appear and defend, within the

24  time applicable, in this action in this Court.  If served within Arizona, you shall appear

25  and defend within 20 days after the service of the Summons and Complaint upon you,

26  exclusive of the day of service.  If served out of the State of Arizona, whether by direct

Gallagher & Kennedy, P.A.
2575 East Camelback Road
Phoenix, Arizona 85016-9225
(602) 530-8000

1   service, by registered or certified mail, or by publication, you shall appear and defend

2   within 30 days after the service of the Summons and Complaint upon you is complete,

3   exclusive of the day of service.  Where process is served upon the Arizona Director of

4   Insurance as an insurer's attorney to receive service of legal process against it in this state,

5   the insurer shall not be required to appear, answer or plead until expiration of 40 days

6   after date of such service upon the Director.  Service by registered or certified mail out of

7   the State of Arizona is complete 30 days after the date of filing the receipt and affidavit of

8   service with the Court.  Service by publication is complete 30 days after the date of first

9   publication.  Direct service is complete when made.  Service upon the Arizona Motor

10   Vehicle Superintendent is complete 30 days after filing the Affidavit of Compliance and

11   return receipt or Officer's Return.  Arizona Rules of Civil Procedure 4; A.R.S. §§20-222,

12   28-502, AND 28-503.

13       YOU ARE HEREBY NOTIFIED that in case of your failure to appear and defend

14   within the time applicable, judgment by default may be rendered against you for the relief

15   demanded in the Complaint.

16       YOU ARE CAUTIONED that in order to appear and defend, you must file an

17   Answer or proper response in writing with the Clerk of this Court, accompanied by the

18   necessary filing fee, within the time required, and you are required to serve a copy of any

19   Answer or response upon the Plaintiffs' attorney.  Arizona Rule of Procedure 10(d);

20   A.R.S. §12-311; Arizona Rule of Procedure 5.

21

22           THE NAME AND ADDRESS of Plaintiffs' attorney is:

23                  Kevin D. Neal

                     Gallagher & Kennedy

24                2575 E. Camelback Road

25                 Phoenix, AZ 85016

26

1      Requests for reasonable accommodation for persons with disabilities must be made

2  to the division assigned to the case by parties at least 3 judicial days in advance of a

3  scheduled court proceeding.

4

5          SIGNED AND SEALED this date: 

6

7          BY 

8          Clerk

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

4315372v1/24749-0001

3

Kevin D. Neal (Bar No. 011640)
Kimberly G. Allen (Bar No. 029783)
GALLAGHER & KENNEDY, P.A.
2575 East Camelback Road
Phoenix, Arizona  85016-9225
Telephone:   (602) 530-8000
Facsimile:    (602) 530-8500
kevin.neal@gknet.com
kim.allen@gknet.com

Attorneys for Plaintiffs Philip A. Marsteller and
Ruth Marsteller

### SUPERIOR COURT OF THE STATE OF ARIZONA

### COUNTY OF MARICOPA

| | |
|---|---|
| PHILIP A. MARSTELLER and RUTH MARSTELLER, a married couple, | Case No.   CV 2014-009580 |
| Plaintiffs | **SUMMONS** |
| v. | |
| MD HELICOPTER, INC., an Arizona Corporation; LYNN TILTON, an individual; and PATRIARCH PARTNERS MANAGEMENT GROUP, LLC, a Delaware Corporation, | |
| Defendants | |

If you would like legal advice from a lawyer,
contact the Lawyer Referral Service at
602-257-4434
or
www.maricopalawyers.org
Sponsored by the
Maricopa County Bar Association

THE STATE OF ARIZONA TO THE DEFENDANT:

**PATRIARCH PARTNERS MANAGEMENT GROUP, LLC.**
**c/o Corporation Service Company, Statutory Agent**
**2711 Centerville Road, Suite 400**
**Wilmington, DE 19808**

YOU ARE HEREBY SUMMONED and required to appear and defend, within the time applicable, in this action in this Court.  If served within Arizona, you shall appear and defend within 20 days after the service of the Summons and Complaint upon you, exclusive of the day of service.  If served out of the State of Arizona, whether by direct

4316740v1/24749-0001

1   service, by registered or certified mail, or by publication, you shall appear and defend

2   within 30 days after the service of the Summons and Complaint upon you is complete,

3   exclusive of the day of service.   Where process is served upon the Arizona Director of

4   Insurance as an insurer's attorney to receive service of legal process against it in this state,

5   the insurer shall not be required to appear, answer or plead until expiration of 40 days

6   after date of such service upon the Director.   Service by registered or certified mail out of

7   the State of Arizona is complete 30 days after the date of filing the receipt and affidavit of

8   service with the Court.   Service by publication is complete 30 days after the date of first

9   publication.   Direct service is complete when made.   Service upon the Arizona Motor

10   Vehicle Superintendent is complete 30 days after filing the Affidavit of Compliance and

11   return receipt or Officer's Return.   Arizona Rules of Civil Procedure 4; A.R.S. §§20-222,

12   28-502, AND 28-503.

13        YOU ARE HEREBY NOTIFIED that in case of your failure to appear and defend

14   within the time applicable, judgment by default may be rendered against you for the relief

15   demanded in the Complaint.

16        YOU ARE CAUTIONED that in order to appear and defend, you must file an

17   Answer or proper response in writing with the Clerk of this Court, accompanied by the

18   necessary filing fee, within the time required, and you are required to serve a copy of any

19   Answer or response upon the Plaintiffs' attorney.   Arizona Rule of Procedure 10(d);

20   A.R.S. §12-311; Arizona Rule of Procedure 5.

21

22              THE NAME AND ADDRESS of Plaintiffs' attorney is:

23                          Kevin D. Neal
                         Gallagher & Kennedy
24                       2575 E. Camelback Road
                          Phoenix, AZ 85016
25

26

4316740v1/24749-0001                                    2

1        Requests for reasonable accommodation for persons with disabilities must be made

2    to the division assigned to the case by parties at least 3 judicial days in advance of a

3    scheduled court proceeding.

**COPY**

4

5        SIGNED AND SEALED this date: _____

6                             JUL 1 5 2014

6                        MICHAEL K. JEANES, CLERK

7                                T. MILLER

7    BY_____ DEPUTY CLERK

8             Clerk

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

4316740v1/24749-0001                3

**From:** sop@cscinfo.com [mailto:sop@cscinfo.com]
**Sent:** Monday, July 21, 2014 2:11 PM
**To:** Tendai Masaya
**Subject:** Notice of Service of Process - Transmittal Number: 12750848

# Corporation Service Company ®

**NOTICE OF SERVICE OF PROCESS**

# Transmittal Number: <u>12750848</u>
(Click the Transmittal Number to view your SOP)

*For more information on instant access to your SOP, click <u>Sign Me Up</u>.*

Pursuant to client instructions, we are forwarding this summary and Notice of Service of Process.

| | |
|---|---|
| **Entity:** | Patriarch Partners Management Group, LLC |
| **Entity I.D. Number:** | 2373698 |
| **Entity Served:** | Patriarch Partners Management Group, LLC |
| **Title of Action:** | Phillip A. Marsteller vs. MD Helicopter, Inc. |
| **Document(s) type:** | Summons/Complaint |
| **Nature of Action:** | Violation of State/Federal Act |
| **Court/Agency:** | Maricopa County Superior Court, Arizona |
| **Case/Reference No:** | CV2014-009580 |
| **Jurisdiction Served:** | Delaware |
| **Date Served on CSC:** | 07/18/2014 |
| **Answer or Appearance Due:** | 20 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |

**Sender Information:**
Kevin D Neal
602-530-8000

1

**Primary Contact:**
Carolyn  Schiff
Patriarch Partners LLC

**Copy of transmittal only provided to:**
Tendai Masaya
Legal Department
Carlos Mercado

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the document(s) and taking appropriate action.

Please visit www.cscglobal.com for more information related to CSC's Litigation and Matter Management services, including MYSOP, online acknowledgement of SOP and to view a complete library of all SOP received on your behalf by CSC.

**CSC is SSAE 16 certified for its Litigation Management System.**

2711 Centerville Road   Wilmington, DE 19808
(888) 690-2882   |   sop@cscinfo.com

1    Kevin D. Neal (Bar No. 011640)
     Kimberly G. Allen (Bar No. 029783)
2    GALLAGHER & KENNEDY, P.A.
     2575 East Camelback Road
3    Phoenix, Arizona  85016-9225
     Telephone:   (602) 530-8000
4    Facsimile:   (602) 530-8500
     kevin.neal@gknet.com
5    kim.allen@gknet.com

6    Attorneys for Plaintiffs Philip A. Marsteller and
     Ruth Marsteller
7

8                    **SUPERIOR COURT OF THE STATE OF ARIZONA**

9                            **COUNTY OF MARICOPA**

10   PHILIP A. MARSTELLER and RUTH          Case No. CV2014-009580
     MARSTELLER, a married couple,
11                                          **WAIVER OF SERVICE FOR LYNN**
                       Plaintiffs           **TILTON**
12
     v.
13                                          (Assigned to the Honorable Christopher
     MD HELICOPTER, INC., an Arizona        Whitten)
14   Corporation; LYNN TILTON, an
     individual; and PATRIARCH PARTNERS
15   MANAGEMENT GROUP, LLC, a
     Delaware Corporation,
16
                       Defendants
17

18

19          I, Lynn Tilton, acknowledge receipt of Plaintiffs' request that I waive service of a

20   summons in the action of *Philip A. Marsteller and Ruth Marsteller v. MD Helicopter,*

21   *Inc., Lynn Tilton and Patriarch Partners Management Group*, which is case number

22   CV2014-009580 in the Superior Court of the State of Arizona in and for the County of

23   Maricopa.  I have also received a copy of the Complaint in the action, two copies of this

24   instrument, and a means by which I can return the signed waiver to Plaintiffs without cost

25   to me.

26

Gallagher & Kennedy, P.A.
2575 East Camelback Road
Phoenix, Arizona 85016-9225
(602) 530-8000

1    I agree to save the cost of service of a summons and an additional copy of the

2    Complaint in this lawsuit by not requiring that I be served with judicial process in the

3    manner provided by Arizona Rules of Civil Procedure.[1]

4    I will retain all defenses or objections to the lawsuit or to the jurisdiction of venue

5    of the court except for objections based on a defect in the summons or in the service of the

6    summons.

7    I understand that a judgment may be entered against me if an answer or motion

8    under Rule 12 is not served upon you within sixty (60) days after (August 5, 2014), or

9    within ninety (90) days after that date if the request was sent outside the United States.

10

11    DATED this 11 day of August , 2014

12

13                                                    By: _____

14                                                          Lynn Tilton, Defendant

15

[1]    **Duty to Avoid Unnecessary Costs of Service of Summons**

16    Rule 4.1 of the Arizona Rules of Civil Procedure requires certain parties to

17    cooperate in saving unnecessary costs of service of the summons and complaint. A
defendant who, after being notified of an action and asked to waive service of a summons,

18    fails to do so will be required to bear the cost of such service unless good cause be shown
for its failure to sign and return the waiver.

19    It is not good cause for a failure to waive service that a party believes the complaint
is unfounded or that the action has been brought in an improper place or in a court that

20    lacks jurisdiction over the subject matter of the action or even its person or property. A

21    party who waives service of the summons retains all defenses and objections (except any
relating to the summons or to the service of the summons), and may later object to the

22    jurisdiction of the court or to the place where the action has been brought.

23    A defendant who waives service must (within the time specified on the waiver
form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the

24    complaint and must also file a signed copy of the response with the court. If the answer or
motion is not served within this time, a default judgment may be taken against the

25    defendant, by waiving service, a defendant is allowed more time to answer than if the

26    summons has been actually served when the request for waiver of service was received.

Gallagher & Kennedy, P.A.
2575 East Camelback Road
Phoenix, Arizona 85016-9225
(602) 530-8000

1  Kevin D. Neal (Bar No. 011640)
   Kimberly G. Allen (Bar No. 029783)
2  GALLAGHER & KENNEDY, P.A.
   2575 East Camelback Road
3  Phoenix, Arizona 85016-9225
   Telephone:   (602) 530-8000
4  Facsimile:   (602) 530-8500
   kevin.neal@gknet.com
5  kim.allen@gknet.com

6  Attorneys for Plaintiffs Philip A. Marsteller and
   Ruth Marsteller
7

8              **SUPERIOR COURT OF THE STATE OF ARIZONA**

9                       **COUNTY OF MARICOPA**

10 PHILIP A. MARSTELLER and RUTH          Case No. CV2014-009580
   MARSTELLER, a married couple,
11                                         **WAIVER OF SERVICE FOR LYNN**
                  Plaintiffs              **TILTON**
12
   v.                                     (Assigned to the Honorable Christopher
13                                         Whitten)
   MD HELICOPTER, INC., an Arizona
14 Corporation; LYNN TILTON, an
   individual; and PATRIARCH PARTNERS
15 MANAGEMENT GROUP, LLC, a
   Delaware Corporation,
16
                  Defendants
17

18

19       I, Lynn Tilton, acknowledge receipt of Plaintiffs' request that I waive service of a

20 summons in the action of *Philip A. Marsteller and Ruth Marsteller v. MD Helicopter,*

21 *Inc., Lynn Tilton and Patriarch Partners Management Group*, which is case number

22 CV2014-009580 in the Superior Court of the State of Arizona in and for the County of

23 Maricopa.  I have also received a copy of the Complaint in the action, two copies of this

24 instrument, and a means by which I can return the signed waiver to Plaintiffs without cost

25 to me.

26

4355025v1/24749-0001

1        I agree to save the cost of service of a summons and an additional copy of the

2    Complaint in this lawsuit by not requiring that I be served with judicial process in the

3    manner provided by Arizona Rules of Civil Procedure.[1]

4        I will retain all defenses or objections to the lawsuit or to the jurisdiction of venue

5    of the court except for objections based on a defect in the summons or in the service of the

6    summons.

7        I understand that a judgment may be entered against me if an answer or motion

8    under Rule 12 is not served upon you within sixty (60) days after (August 5, 2014), or

9    within ninety (90) days after that date if the request was sent outside the United States.

10

11   DATED this 11 day of August        , 2014.

12

13       By: _____

14           Lynn Tilton, Defendant

15   _____

[1]   **Duty to Avoid Unnecessary Costs of Service of Summons**

16   Rule 4.1 of the Arizona Rules of Civil Procedure requires certain parties to
     cooperate in saving unnecessary costs of service of the summons and complaint. A

17   defendant who, after being notified of an action and asked to waive service of a summons,

18   fails to do so will be required to bear the cost of such service unless good cause be shown
     for its failure to sign and return the waiver.

19       It is not good cause for a failure to waive service that a party believes the complaint
     is unfounded or that the action has been brought in an improper place or in a court that

20   lacks jurisdiction over the subject matter of the action or even its person or property.  A

21   party who waives service of the summons retains all defenses and objections (except any
     relating to the summons or to the service of the summons), and may later object to the

22   jurisdiction of the court or to the place where the action has been brought.

23       A defendant who waives service must (within the time specified on the waiver
     form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the

24   complaint and must also file a signed copy of the response with the court.  If the answer or
     motion is not served within this time, a default judgment may be taken against the

25   defendant, by waiving service, a defendant is allowed more time to answer than if the

26   summons has been actually served when the request for waiver of service was received.

4355025v1/24749-0001                         2

# EXHIBIT B

1    Thomas D. Arn, SBN 012618
2    Leah S. Freed, SBN 021332
     Ogletree, Deakins, Nash, Smoak & Stewart, P.C., SBN 00504800
3    2415 East Camelback Road, Suite 800
     Phoenix, Arizona 85016
4    Telephone:  (602) 778-3700
5    Fax:  (602) 778-3750
     thomas.arn@ogletreedeakins.com
6    leah.freed@ogletreedeakins.com

7    *Attorneys for Defendants MD Helicopters, Inc., Lynn Tilton*
8    *and Patriarch Partners Management Group, LLC*

9
                **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**
10
                    **IN AND FOR THE COUNTY OF MARICOPA**
11

12   PHILIP A. MARSTELLER and RUTH
     MARSTELLER,
13                                              Case No. CV2014–009580
14                        Plaintiffs,
15        vs.                                   **NOTICE OF FILING OF NOTICE**
                                                **OF REMOVAL**
16   MD HELICOPTER, INC.; LYNN TILTON;
     and PATRIARCH PARTNERS                     Hon. Christopher Whitten
17   MANAGEMENT GROUP, LLC,
18
                          Defendants.
19

20        TO THE CLERK OF THE MARICOPA COUNTY SUPERIOR COURT:

21        PLEASE TAKE NOTICE that Defendants MD Helicopters, Inc., Lynn Tilton, and

22   Patriarch Partners Management Group, LLC, by and through undersigned counsel, have

23   filed a Notice of Removal of this action with the United States District Court for the District

24   of Arizona, pursuant to 28 U.S.C. §§ 1331, 1367, and 1441(a).  A copy of the Notice of

25   Removal filed with the United States District Court for the District of Arizona is attached as

26   Exhibit 1.

27   //

28   //

1  RESPECTFULLY SUBMITTED this 11th day of August 2014.

2                                    OGLETREE, DEAKINS, NASH,
                                     SMOAK & STEWART, P.C.
3

4                                    By:/s/Leah S. Freed
                                        Thomas D. Arn
5                                       Leah S. Freed
                                        2415 East Camelback Road, Suite 800
6                                       Phoenix, Arizona 85016
                                        Attorneys for Defendants
7

8

9  ORIGINAL E-FILED filed this
   11th day of August, 2014, with:

10 Clerk of the Superior Court
   Maricopa County Superior Court
11 125 West Washington
   Phoenix, AZ 85003-2243
12

13 COPIES EMAILED AND MAILED
   this 11th day of August, 2014, to:
14

15 Kevin D. Neal
   Kimberly G. Allen
16 GALLAGHER & KENNEDY, P.A.
   2575 East Camelback Road
17 Phoenix, Arizona 85016-9225
   Telephone: (602)530-8000
18 Facsimile: (602) 530-8500
   kevin.neal@gknet.com
19 kim.allen@gknet.com
20

21 *Attorneys for Plaintiffs Philip A. Marsteller and Ruth Marsteller*

22

23 /s/Debra A. Irwin

24                                                                   18670235.1

25

26

27

28

- 2 -