**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Philip A Marsteller, et al., | No. CV-14-01788-PHX-DLR |
| Plaintiffs, | **ORDER** |
| v. | |
| MD Helicopter Inc., | |
| Defendant. | |

Before the Court are Defendant MD Helicopter Incorporated's motions to seal (Docs. 439, 460, 467, 472), and Plaintiffs Philip and Ruth Marsteller's motions to seal (Docs. 444, 462, 470, 475). No responses were filed to either party's motions. For the following reasons, the motions are denied.

## I.  Legal Standard

Two standards generally govern requests to seal documents. "First, a 'compelling reasons' standard applies to most judicial records." *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2009) (citing *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)).

> This standard derives from the common law right "to inspect and copy public records and documents, including judicial records and documents." To limit this common law right of access, a party seeking to seal judicial records must show that "compelling reasons supported by specific factual findings . . . outweigh the general history of access and the public policies favoring disclosure."

*Id.* (quoting *Kamakana*, 447 F.3d at 1178-79).

The second standard applies to discovery materials. "'Private materials unearthed during discovery' . . . are not part of the judicial record." *Id.* (quoting *Kamakana*, 447 F.3d at 1180). The "good cause" standard set forth in Federal Rule of Civil Procedure 26(c) applies to this category of documents. *Id.* For good cause to exist under Rule 26(c), "the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." *Phillips v. G.M. Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (quotation and citation omitted). Instead, the party seeking protection must make a "particularized showing of good cause with respect to [each] individual document." *San Jose Mercury News, Inc. v. U.S. Dist. Court – N. Dist. (San Jose)*, 187 F.3d 1096, 1103 (9th Cir. 1999).

The good cause standard also applies to documents attached to non-dispositive motions because those documents are often "'unrelated, or only tangentially related, to the underlying cause of action.'" *Phillips*, 307 F.3d at 1213 (citation omitted). Documents attached to dispositive motions, by contrast, are governed by the compelling reasons standard. *See Pintos*, 605 F.3d at 678-79. This higher standard applies because the resolution of a dispute on the merits "is at the heart of the interest in ensuring the 'public's understanding of the judicial process and of significant public events.'" *Kamakana*, 447 F.3d at 1179 (citation omitted).

## II. Amended Protective Order

In addition to the legal standards governing motions to seal, the Court's Amended Protective Order (Protective Order) outlines the requisite procedure for sealing information designated as confidential by the opposing party. Specifically, the Protective Order provides, in relevant part:

> If a Party wishes to use any CONFIDENTIAL or ATTORNEYS EYES ONLY information designated by another Party in any papers filed in this Action, such Party shall provide the designating Party reasonable notice of such

intention and seek to obtain a stipulation to have CONFIDENTIAL or ATTORNEYS EYES ONLY information under seal. To the extent a stipulation cannot be reached, or should the Court deny a stipulated request to file a document or information under seal, the Party seeking to file the CONFIDENTIAL or ATTORNEYS EYES ONLY information must contact the designating Party, inquire into whether the designating Party intends to file its own motion to seal the CONFIDENTIAL or ATTORNEYS EYES ONLY information, give the designating Party the opportunity to file its own motion, and refrain from filing such documents or information on the public docket until the Court has ruled on the designating Party's motion.

(Doc. 158 at 6-7 ¶ 12.) Notably, the Protective Order appropriately aligns the burden of moving to seal with the party who initially designated the information as confidential.

## III. Plaintiffs' Motions to Seal

Plaintiffs' motions to seal are denied for two reasons. First, Plaintiffs' motions do not comply with the Protective Order's procedure for sealing documents designated as confidential by the opposing party. Plaintiffs' motion to file their summary judgment memorandum, statement of facts, and exhibits under seal (Doc. 444) is based entirely on the fact that these items contain information designated confidential by Defendant. Likewise, Plaintiffs' remaining motions seek, in part, to seal filings that rely on material designated by Defendant. (*See e.g.,* Doc. 462 ("The exhibits to the instant motion are materials that Defendant . . . designated as protected"); Docs. 470, 475 ("The motions contain materials that Defendant . . . designated as protected").) For these materials, the Protective Order requires the parties to file a stipulation to seal, or for Defendant—as the party with the interest in keeping the materials confidential—to file a motion to seal. Neither has occurred here.

Second, Plaintiffs' requests to seal their own confidential designations in non-dispositive motions (Docs. 462, 470, 475) are not supported by good cause. Plaintiffs argue, vaguely, that the documents should be sealed because they contain information Plaintiffs' designated as confidential pursuant to the Protective Order. Ordinarily, however, a party's designation of a document as confidential is not *per se* good cause. *See San Jose Mercury News, Inc*, 187 F.3d at 1103. Rather, the party must make a

specific showing of good cause.  *See Beckman Indus., Inc.*, 966 F.2d at 476.  Plaintiffs have not done so here.  Additionally, Plaintiffs seek relief that is overbroad.  Plaintiffs make blanket requests to seal a large volume of documents, without offering good cause for each document or explaining why entire documents, rather than discrete portions of them, must be sealed.  Plaintiffs' motions therefore are denied.

**IV.  Defendant's Motions to Seal**

Preliminarily, Defendant's motion to exclude expert Robert Equals and its reply in support thereof (Motion and Reply), and its request to seal exhibits 2, 3, 5, 7, and 12 offered in support of its Opposition to Plaintiff's Motion to exclude expert testimony (Opposition Motion) are denied because they fail to comply with the Protective Order's procedure for sealing information designated as confidential by the opposing party. (Docs. 460, 472, 467 at 2-3 ¶¶ 2, 4, 5.)  In these motions, Defendant notes that Plaintiffs designated the deposition of Equals as confidential.  Defendant also notes that its Motion and Reply make frequent reference to, and directly quote from, Equal's deposition.  For these reasons, Defendant argues, the Motion and Reply should be filed under seal to protect Plaintiffs' confidentiality interests.  If such is the case, however, then Plaintiffs are the proper parties to move to seal these documents.

Defendant's motions also fail to demonstrate either compelling reasons or good cause for sealing the requested documents.  The Court addresses the motions in turn.

**A.  Motion for Summary Judgment and Accompanying Documents (Doc. 439)**

Defendant seeks to seal its Motion for summary judgment, memorandum of points and authorities, statement of facts, and select exhibits and declarations offered in support. Because these documents are attached to a dispositive motion, the compelling reasons standard applies.

Defendant's argument is twofold.  First, Defendant asserts that the documents "contain sensitive investigatory activity."  (¶ 4.)  Second, Defendant broadly contends that the documents contain information regarding its "financial and internal operations, including pricing strategy and personnel matters, that is non-public in nature and which,

if disclosed, could be used by competitors or other third parties."  (Doc. 439 at 2-3 ¶¶ 3, 5.)  Defendant's first reason is conclusory, vague, and fails to provide useful information for the Court to issue an order to seal.  *See Kamakana*, 447 F.3d at 1182 (noting that "conclusory offerings do not rise to the level of 'compelling reasons' sufficiently specific to bar the public access to the documents").

Although Defendant's second reason is not conclusory and there is some plausibility to its concerns, the Court has doubts as to the concreteness of the harm Defendant claims would result from public disclosure of the documents at issue.  *Id.* (noting that, to find a compelling reason for sealing a document, a court must "articulate a factual basis for its, ruling without relying on hypothesis or conjecture").  In close cases involving some degree of conjecture, courts may still grant a motion to seal provided that sealing the document will not interfere with the public's interest in understanding the judicial process.  *See e.g.*, *Aviva USA Corp. v. Vazirani*, 902 F. Supp. 2d 1246, 1273-74 (D. Ariz. 2012) (finding that sealing document did not interfere with understanding of the judicial process because the dispositive motion did not address information found in that document).  Here, however, Defendant's request also is ailed by its overbreadth.  In total, this request seeks to seal nearly 1,000 pages of documents.  Yet, Defendant fails to isolate the discrete portions that could be used by its competitors to its disadvantage.  Without clarity and specificity as to which portions of these documents need to be sealed to protect Defendant's business interests, the Court is unable to decide whether sealing will interfere with the public's interest in understanding the judicial process.

**B.  Motion and Reply, and Accompanying Documents (Docs. 460, 472)**

As discussed, Defendant's motions seeking to seal its Motion and Reply are denied to the extent they violate the Protective Order.  These motions also request that select exhibits be sealed, including Equals' original report, his rebuttal report, and select passages from his deposition, because they rely on material Defendant designated as confidential.  Because these exhibits are attached to non-dispositive motions, the good cause standard applies.

In support, Defendant argues its own business confidentiality constitutes good cause. Specifically, Defendant argues that good cause exists because Equals' reports "incorporate[] information from [Defendant's] confidential materials that could be useful to [its] competitors or otherwise adverse to its competitive standing." (Doc. 460.) The confidential material referenced by Defendant includes "pricing, commission payments, and employment duration of [Defendant's] helicopter salespersons." (*Id.*)

As discussed, although the Court finds this explanation is specific and somewhat plausible, the Court also finds that Defendant's concerns are somewhat conjectural. Moreover, Defendant's requests are fatally overbroad. *See San Jose Mercury News*, 187 F.3d 1096 at 1103. For example, in arguing that Equals' original report should be sealed, Defendant offers that "Schedule 4 from [Equals' report] contains 'Calculations from Confidential Bates[-numbered]' documents and lists commission information from certain [of Defendant's] helicopter models." (*Id.*) The Court has reviewed the lodged exhibit and notes that commission rates appear in only a few lines of the 25-page document. Even if the Court were to agree that good cause exists as to those few lines, the entire document need not be sealed.

Similarly, Defendant requests all 194 pages of Equals' rebuttal report be sealed because it contains Defendant's valuable business information. (Doc. 460 at 3 ¶ 4.) But the document largely consists of publicly available information, like U.S. Labor Bureau statistics and statutory provisions. Because Defendant's motions involve some conjecture and seek relief that is overbroad, the Court is unable to determine whether sealing discrete portions would interfere with the public's ability to understand the judicial process.

### C. Opposition Motion and Accompanying Documents (Doc. 467)

Finally, Defendant seeks to file under seal its Opposition Motion and select exhibits in support. Above, the Court denied Defendant's request as to exhibits 2, 3, 5, 7, and 12. Therefore, only the Opposition Motion and exhibit 1 are discussed here. Because these documents are attached to non-dispositive motions, the good cause

standard applies.

Exhibit 1 is the Report of Defendant's expert, Karen Engstrom. Defendant notes that Engstrom's opinion includes "names and personnel information of third parties" and "sales, salary, and commission information" that "could be useful to [Defendant's] competitors." (Doc. 467 at 2, 3 ¶¶ 3, 4.) Defendant argues, vaguely, that the personnel information should be sealed because of third party privacy interests. This conclusory statement lacks specificity and fails to provide information necessary for the Court to justify sealing the document.

Next, Defendant argues that publication of its confidential business information "could be useful" to its competitors. (*Id.* at 3 ¶ 4.) Defendant's argument fails for the same reasons discussed above—namely that the combination of a degree of conjecture and an overbroad request renders the Court unable to determine whether sealing the document impedes the public's ability to understand this proceeding. To the extent that Defendant's Opposition Motion "contains direct quotations" from the above documents, the Court denies for the same reasons. Accordingly,

**IT IS ORDERED** that the parties' motions to seal (Docs. 439, 444, 460, 462, 467, 470, 472, 475) are **DENIED**. The parties may renew their requests in a manner that complies with the Protective Order if they believe that justification for sealing certain materials exists. The parties are advised, however, that motions to seal need to offer good cause, or in the case of dispositive motions, compelling reasons, for each document sought to be filed under seal. If the proffered reasons pertain only to a discrete portion of a document, then the party's request should be proportionally limited.

Dated this 14th day of November, 2017.

Douglas L. Rayes
United States District Judge