**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Philip A Marsteller, et al., | No. CV-14-01788-PHX-DLR |
| Plaintiffs, | **ORDER** |
| v. | |
| MD Helicopter Incorporated, et al., | |
| Defendants. | |

Before the Court is Defendant MD Helicopter Incorporated's ("MDHI") motion to seal. (Doc. 512.) The issue has been fully briefed. (Docs. 525, 527.) For the following reasons, the motion is granted in part and denied in part.

**I. Legal Standard**

Two standards generally govern requests to seal documents. "First, a 'compelling reasons' standard applies to most judicial records." *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2009) (citing *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)).

> This standard derives from the common law right "to inspect and copy public records and documents, including judicial records and documents." To limit this common law right of access, a party seeking to seal judicial records must show that "compelling reasons supported by specific factual findings . . . outweigh the general history of access and the public policies favoring disclosure."

*Id.* (quoting *Kamakana*, 447 F.3d at 1178-79).

The second standard applies to discovery materials. "'Private materials unearthed during discovery' . . . are not part of the judicial record." *Id.* (quoting *Kamakana*, 447 F.3d at 1180). The "good cause" standard set forth in Federal Rule of Civil Procedure 26(c) applies to this category of documents. *Id.* For good cause to exist under Rule 26(c), "the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." *Phillips v. G.M. Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (quotation and citation omitted). Instead, the party seeking protection must make a "particularized showing of good cause with respect to [each] individual document." *San Jose Mercury News, Inc. v. U.S. Dist. Court – N. Dist. (San Jose)*, 187 F.3d 1096, 1103 (9th Cir. 1999).

The good cause standard also applies to documents attached to non-dispositive motions because those documents are often "'unrelated, or only tangentially related, to the underlying cause of action.'" *Phillips*, 307 F.3d at 1213 (citation omitted). Documents attached to dispositive motions, by contrast, are governed by the compelling reasons standard. *See Pintos*, 605 F.3d at 678-79. This higher standard applies because the resolution of a dispute on the merits "is at the heart of the interest in ensuring the 'public's understanding of the judicial process and of significant public events.'" *Kamakana*, 447 F.3d at 1179 (citation omitted).

**II. Discussion**

MDHI seeks to seal information contained within the parties' *Daubert* and summary judgment filings. The Court discusses each in turn.

**A. *Daubert* Filings**

MDHI outlines two categories of information contained in the parties' *Daubert* filings it seeks to have filed under seal: "(1) private employment and salary information of current and former MDHI employees; and (2) commercially sensitive financial information related to MDHI's pricing and compensation practices." (Doc. 512 at 3-4.)

Because these documents are attached to non-dispositive motions, the good cause standard applies.

### 1. Third Party Information

MDHI seeks to seal "sensitive personnel information regarding third parties—other current or former employees of MDHI not involved in this litigation." (Doc. 512 at 4.) Finding good cause to maintain under seal private, personnel information of non-parties, the Court grants MDHI's motion to seal in part. The names of current and former employees found in Doc. 461-4; Doc. 464-1; and Doc. 468-1 shall remain under seal. The only information MDHI seeks to maintain under seal in Doc. 464-3 is Marsteller's salary. Because Marsteller is party to this action and his salary is central to any damage calculations, the Court finds no good cause for sealing this information.

### 2. Financial Information

MDHI requests that certain "commercially sensitive information," like MDHI's "pricing and compensation strategy," remain under seal. (Doc. 512 at 5.) MDHI contends that "disclosure of such information risks competitive harm to MDHI . . . ." (*Id.*) Although there is some plausibility to this concern, the Court has doubts about the concreteness of the harm MDHI claims would result from public disclosure of the documents at issue, given the age of this information. *See Saint Alphonsus Med. Ctr.-Nampa, Inc. v. St. Luke's Health Sys., Ltd.*, No. 12-CV-560-BLW, 2014 WL 3101716, at *3 (D. Idaho July 3, 2014) (finding "no reason to seal" document memorializing business negotiation that was five years old "given its age"). MDHI fails to explain how disclosure of pricing, compensation, and contract information that is several years old would inflict a financial or competitive injury.

MDHI also argues that the information reveals underlying strategies that remain competitively sensitive. (Doc. 527 at 9.) After reviewing the documents under seal, the Court disagrees that they reveal any specific business strategy. To the extent that the information contains such strategies, the Court will not keep that information under seal because doing so will interfere with the public's interest in understanding the judicial

process. *See e.g.*, *Aviva USA Corp. v. Vazirani*, 902 F. Supp. 2d 1246, 1273-74 (D. Ariz. 2012). For instance, Marsteller alleges that he engaged in protected activity after learning that MDHI had priced its helicopters in violation of the law. Central to understanding this allegation and the underlying pricing structure are MDHI's pricing dashboards, which MDHI seeks to seal. On the whole, concerns over the potentially sensitive nature of these materials are outweighed by the public's interest in understanding these proceedings.

### B. Summary Judgment Filings

MDHI also seeks to seal four categories of information contained within the parties' summary judgment filings, including: "(1) non-public investigatory activity; (2) the names of third parties . . . ; (3) commercially sensitive business information, including trade secrets; and (4) identifying information regarding MDHI's security software." (Doc. 512 at 6.) Because these documents are attached to dispositive motions, the compelling reasons standard applies.

#### 1. Non-Public Investigatory Activity

MDHI seeks to keep under seal references to Agent Stamper's criminal investigation, involvement of federal agencies in this investigation, and activities that Marsteller and Stamper undertook in investigating MDHI. MDHI's request is denied because compelling reasons do not support it. This information furthers the public's understanding of Marsteller's cooperation with the government and its investigation of MDHI and affiliated individuals and entities. Moreover, this information already is part of the public record. (*See, e.g.*, Doc. 555.)

#### 2. Third Party Information

MDHI seeks to keep under seal the name of Mike Kelley, "whose abrupt departure, caused by [Marsteller's] inappropriate disclosure of confidential personnel information, led to [Marsteller's] termination." (Doc. 512 at 8.) MDHI contends that inclusion of his name "has no relevance" and "can only cause potential and unnecessary harm to the individual[.]" (*Id.*) The Court disagrees. MDHI argues that Marsteller's

- 4 -

firing was a direct result of him overhearing a conversation regarding MDHI's interview of a potential replacement for Kelley, and relaying that information to him. (Doc. 555 at 4-5.) Given the centrality of this information to the public's understanding of this case, the Court sees little reason for sealing it. Moreover, Kelley's name already has shown up in the public filings in this case. (*See, e.g.*, Doc. 1-1 ¶ 55; Doc. 141 ¶ 39, Doc. 555 at 4-5.)

MDHI also seeks to keep under seal the names of "other third parties where those names are raised in a context that reveals private personnel information, including actual or contemplated adverse employment actions." (Doc. 512 at 8.) Finding compelling reasons for some of these requests, the Court grants in part MDHI's request to seal. Doc. 441-6 (¶ 19); Doc. 446 (DX 32); Doc. 449 (DX70); and Doc. 450 (DX105) will remain under seal. Many other of these requests, however, concern the names of third parties central to the underlying facts in this matter.

MDHI contends that the names of individuals Marsteller shared information with in breach of his confidentiality agreement should remain under seal in order to minimize the risk of further dissemination. (Doc. 512 at 9.) The Court finds MDHI's proffered reason for keeping this information under seal speculative. *See Kamakana*, 447 F.3d at 1182. It has been nearly 5 years since the alleged recipients received information from Marsteller, yet MDHI offers no specific evidence that in that time any of the recipients have further disseminated the information. Absent such evidence, the Court is unpersuaded that this risk is anything more than conjecture. Moreover, the names of the purported recipients already are part of the public record. (*See, e.g.*, Doc. 555.) Therefore, MDHI's request is denied with respect to this information.

### 3. Commercially Sensitive Information

As discussed above, MDHI requests that certain "commercially sensitive information" like "MDHI's pricing and compensation strategy, internal performance assessments, and the specific terms and conditions of contracts to which MDHI has agreed" remain under seal. (Doc. 512 at 10.) MDHI contends that "[s]uch information is

commercially sensitive and, if disclosed, would have economic value to MDHI's customers . . . and its competitors . . . ." (*Id.*) For the reasons discussed above, the Court finds most of the financial information is central to the public's understanding and not properly sealed. With that said, the Court will keep the following documents under seal because the information contained therein is not central to the public's interest in understanding this proceeding: Doc. 445 (DX26, DX27); Doc. 448 (DX55); Doc. 449 (DX64, DX75); and Doc. 479 (DX158).

### 4. MDHI's Security Software

In connection with MDHI's counterclaims, the parties' summary judgment filings discuss MDHI's specific software systems. "Because disclosure of the particular safeguards MDHI uses to protect its system could make it easier for malicious parties to evade those safeguards" the Court finds compelling reasons to keep such information under seal. *See In re Google, Inc. Gmail Litig.*, No. 13-MD-2430-LHK, 2013 WL 5366963, at *3 (N.D. Cal. Sept. 25, 2013). The following therefore will remain under seal: Doc. 441 (all redactions after page 14); Doc. 441-56; Doc. 441-59 (all redactions on page 63); Doc. 441-60; Doc. 441-61; Doc. 441-62; Doc. 479 (all redactions after ¶ 34); Doc. 479-1 (DX137); Doc. 479-2 (DX150); Doc. 501 (redaction on page 19). MDHI notes that Doc. 438 contains redactions of security information on pages 31, 33-34. The Court finds these redactions proper. But, because other redactions in Doc. 438 are not properly subject to redaction, MDHI will be required to publicly file an amended redacted version that redacts only the information on pages 31, 33-34.

**IT IS ORDERED**, that MDHI's motion to seal (Doc. 512) is **GRANTED in part and DENIED in part** as follows:

1. The Clerk of Court shall unseal the following: Doc. 440; Doc. 441-1; Doc. 441-2; Doc. 441-7; Doc. 441-9; Doc. 441-20; Doc. 441-21; Doc. 441-23; Doc. 441-25; Doc. 441-26; Doc. 441-27; Doc. 441-28; Doc. 441-29; Doc. 441-30; Doc. 441-33; Doc. 441-36; Doc. 441-37; Doc. 441-39; Doc. 441-40; Doc. 441-41; Doc. 441-43; Doc. 441-44; Doc. 441-46; Doc. 441-47; Doc. 441-48; Doc. 441-49; Doc. 441-64; Doc. 441-65; Doc.

442; Doc. 442-1; Doc. 442-2; Doc. 447; Doc. 451; Doc. 452; Doc. 461; Doc. 461-1; Doc. 461-2; Doc. 461-3; Doc. 464; Doc. 464-2; Doc. 464-3; Doc. 464-4; Doc. 464-5; Doc. 464-6; Doc. 464-7; Doc. 468; Doc. 468-2; Doc. 468-3; Doc. 468-4; Doc. 468-5; Doc. 468-6; Doc. 471 (and all accompanying exhibits); Doc. 473 (and all accompanying exhibits); Doc. 476 (and all accompanying exhibits); Doc. 478; Doc. 483; Doc. 484; Doc. 488; and Doc. 489.

2. The following items shall remain under seal: Doc. 441; Doc. 441-6; Doc. 441-56; Doc. 441-59; Doc. 441-60; Doc. 441-61; Doc. 441-62; Doc. 445; Doc. 446; Doc. 448; Doc. 449; Doc. 450; Doc. 461-4; Doc. 464-1; Doc. 468-1; Doc. 479; Doc. 479-1; Doc. 479-2; Doc. 479-3; and Doc. 501. As explained in this order, however, not everything in these documents needs to be shielded from public view. Because MDHI filed exhibits in groups rather than as individual attachments, MDHI will need to publically re-file the exhibits that are not properly sealed (for instance, Doc. 445 will remain entirely under seal, but MDHI shall publicly re-file unredacted versions of Exhibits 23 and 24, which are currently contained within Doc. 445). Accordingly, by no later than **October 12, 2018**, MDHI shall do the following:

A. Publicly re-file the following exhibits to its statement of fact (currently under seal at Docs. 445, 446, 448-50): 23, 24, 29-31, 33, 34, 53, 54, 58-63, 65, 66, 69, 78, 79, 81, 84, 88, 89, 92, 95, 97, 98, 101, 102, 104;

B. Publicly re-file the following exhibits to its Response to Plaintiffs' Statement of Facts (currently under seal at Doc. 497): 138-149, 151-157, 161, and 164;

//
//
//
//
//
//
//

C. Publicly re-file amended redacted versions of Doc. 438; Doc. 441; Doc. 441-6; Doc. 441-59; Doc. 461-4; Doc. 468-1; Doc. 479; and Doc. 501 that redact only the information found in this order to be properly sealed.

Dated this 27th day of September, 2018.

Douglas L. Rayes
United States District Judge