**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Philip A Marsteller, et al., | No. CV-14-01788-PHX-DLR |
| Plaintiffs, | **ORDER** |
| v. | |
| MD Helicopter Incorporated, et al., | |
| Defendants. | |

MDHI moves to clarify, or, in the alternative, reconsider, whether it can continue to pursue discharged state law counterclaims at trial for purposes of setoff. (Doc. 571.) In its August 31, 2018 order, the Court found MDHI's counterclaims were discharged to the extent they arose from Marsteller's conduct predating his August 28, 2017 bankruptcy petition. (Doc. 555 at 18-21.) The Court consequently granted summary judgment in favor of Marsteller on MDHI's counterclaim for breach of fiduciary duty (Count IV), and partial summary judgment in favor of Marsteller on MDHI's counterclaims for breach of the implied covenant of good faith and fair dealing (Count III), tortious interference with contract (Count VII), aiding and abetting a breach of fiduciary duty (Count VIII), and civil conspiracy (Count IX), to the extent those claims were based on Marsteller's pre-petition conduct. (*Id.* at 32-33.) The Court also granted summary judgment to MDHI on the issue of Marsteller's liability for breach of contract (Count I) based on disclosures to certain individuals, but held that any claim against

Marsteller for breach of contract based on conduct that occurred during his employment—meaning prior to his bankruptcy petition—had been discharged in bankruptcy. (*Id.* at 24 n.14.)

As a preliminary issue, the parties dispute whether MDHI's motion is more aptly considered a motion for reconsideration or for clarification. Because discharge under the Bankruptcy Code cannot foreclose a right to setoff as a matter of law, the Court's determination that MDHI's counterclaims were discharged did not, and could not resolve the separate issue of setoff. Therefore, the Court treats this order as a clarification of its August 31 order.[1]

Section 553 of the Bankruptcy Code governs setoff rights. It provides:

> Except as otherwise provided in this section and in sections 362 and 363 of this title, this title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case[.]

*In re Gould*, 401 B.R. 415, 423 (B.A.P. 9th Cir. 2009) (quoting 11 U.S.C. § 553(a)). Setoff "allows [parties] that owe each other money to apply their mutual debts against each other, thereby avoiding the absurdity of making A pay B when B owes A." *Newbery Corp. v. Fireman's Fund Ins. Co.*, 95 F.3d 1392, 1398 (9th Cir. 1996) (internal quotation and citation omitted).

Section 553, however, does not provide "an independent source of law governing setoff; it is generally understood as a legislative attempt to preserve the common-law right of setoff arising out of non-bankruptcy law." *In re Cascade Rds., Inc.*, 34 F.3d 756, 763 (9th Cir. 1994). Therefore, "[t]o enforce a setoff right, a creditor must establish that (1) it has a right of setoff under non-bankruptcy law; and (2) this right should be preserved in bankruptcy under § 553." *In re Faasoa*, 576 B.R. 631, 637 (Bankr. S.D.

---

[1] Regardless, the Court would reach the same decision even if it treated MDHI's motion as a motion for reconsideration because it would have been a clear error of law for the Court to grant summary judgment on the setoff issue. *See Sch. Dist. No. 1J, Multnomah Cty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) ("Reconsideration is appropriate if the district court . . . committed clear error[.]").

Cal. 2017). Because Arizona law permits a setoff whenever a party is "entitled to relief in a direct action" MDHI has met the first prong. *See, e.g.*, *W.J. Kroeger Co. v. Travelers Indem. Co.*, 541 P.2d 385, 387 (Ariz. 1975); *Tom Reed Gold Mines Co. v. Brady*, 99 P.2d 97, 100 (Ariz. 1940).

MDHI, however, still must satisfy § 553's requirements to have its setoff right recognized. *In re Luz Int'l, Ltd.*, 219 B.R. 837, 843 (B.A.P. 9th Cir. 1998). Section 553 requires the moving party to "establish two elements before a setoff may be asserted: timing and mutuality." *In re Wade Cook Fin. Corp.*, 375 B.R. 580, 594 (B.A.P. 9th Cir. 2007). Only mutuality is disputed here.

Mutuality requires that "something must be 'owed' by both sides." *In re Buckenmaier*, 127 B.R. 233, 238 (B.A.P. 9th Cir. 1991) (quoting 4 Collier on Bankruptcy, §§ 553.04, 553.18 (15th ed. 1990)). There is a three-prong test for determining mutuality: "(1) the debts must be in the same right; (2) the debts must be between the same individuals; and (3) those individuals must stand in the same capacity." *In re Luz Int'l, Ltd.*, 219 B.R. at 845. It is undisputed that the debts are between the same parties and that these parties stand in the same capacity. Marsteller challenges only whether MDHI's state law tort and contract counterclaims are in the "same right" as his claims under federal statute. (Doc. 578 at 9.)

Marsteller argues that allowing a setoff here "would contravene the FCA's text" and "conflict[s] with the public policy goals sought to be furthered by the FCA." (*Id.* at 10.) The Court disagrees. The FCA does not prohibit "claims for independent damages" against a *qui tam* relator. *Cell Therapeutics, Inc. v. Lash Group, Inc.*, 586 F.3d 1204, 1208 (9th Cir. 2010). Nor does mutuality mean "the two debts need [] arise from the same transaction or be of the same character." *In re Buckenmaier*, 127 B.R. at 238. As such, MDHI's state law counterclaims satisfy the mutuality prong.

Marsteller also contends that "MDHI has waived any setoff claim by failing to timely plead it in accordance with this Court's scheduling orders." (Doc. 578 at 2.) The Court disagrees. Arizona treats setoff as a form of relief available through counterclaims.

*See, e.g., Granmo v. Super. Ct. Pima Cty.*, 596 P.2d 36, 38 (Ariz. Ct. App. 1979).  A party is not required to plead a separate claim for a setoff when it rests on the same underlying theory of recovery as a counterclaim.  *See Crestwood Cap. Corp. v. Andes Indus., Inc.*, No. 15-CV-600-PHX-NVW, 2016 WL 3418699, at *2 (D. Ariz. 2016).  Instead, the setoff right caps recoverable damages for the defendant to the recovery of the plaintiff.  Because MDHI timely raised its state law counterclaims, the Court finds that these claims have not been waived.

Finally, Marsteller contends that "untimely assertion of setoff at this late stage will prejudice Plaintiff," deny him the ability to conduct appropriate discovery, and prevent him from seeking summary judgment on the issue.  (Doc. 578 at 6.)  This argument fails for three reasons.  First, as discussed above, MDHI's setoff was timely asserted.  Second, Marsteller fails to explain how discovery on these counterclaims would have differed had MDHI characterized its damages as a setoff.  Third, as discussed herein, summary judgment on the setoff issue would have been inappropriate.[2]  Accordingly,

**IT IS ORDERED** that MDHI's motion for clarification (Doc. 571) is **GRANTED**.  The Court's August 31, 2018 summary judgment order did not address the setoff issue and was not intended to preclude MDHI from pursuing discharged state law counterclaims at trial for purposes of setoff.

**IT IS FURTHER ORDERED** that the parties shall submit a proposed jury instruction and form of verdict concerning setoff by no later than **October 30, 2018**.

Dated this 23rd day of October, 2018.

Douglas L. Rayes
United States District Judge

---

[2] The Court has considered whether, despite the availability of setoff as a remedy for otherwise discharged claims, Marsteller's alternative arguments against the counterclaims warrant summary judgment (i.e., whether MDHI's breach of fiduciary duty claim should be dismissed pursuant to the economic loss rule), and conclude that they do not.