# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Philip A. Marsteller, et al.,<br>　　　　　　Plaintiffs,<br>v.<br>MD Helicopter Incorporated, et al.,<br>　　　　　　Defendants. | No. CV-14-01788-PHX-DLR<br><br>**ORDER** |

The Court has reviewed the parties' Stipulation Regarding Amended Protective Order and Dismissal of Action with Prejudice. (Doc. 640.) For good cause shown,

**IT IS ORDERED** as follows:

1. Plaintiff Philip Marsteller ("Mr. Marsteller") is a former employee of MD. In the course of his employment, Mr. Marsteller signed an Employee Confidential Information and Inventions Agreement (hereinafter, "Confidentiality Agreement"), a copy of which is attached as Exhibit A and incorporated by reference.

2. Mr. Marsteller sued MD for wrongful termination under the False Claims Act, 31 U.S.C. § 3730(h), and the Defense Contractor Whistleblower Protection Act, 10 U.S.C. § 2409. MD denies any liability. MD counter-sued Mr. Marsteller for violation of various common-law duties, including breach of the Confidentiality Agreement. The Court found that Mr. Marsteller breached the Confidentiality Agreement in certain respects and set the remainder of MD's common law claims and Plaintiffs' statutory claims for trial. Mr. Marsteller denies any further breaches of the Confidentiality Agreement or other

common-law duties, or that the breaches found by the Court caused damage to MD. The parties have agreed to resolve their claims voluntarily, with neither party admitting any liability nor conceding any defect in their respective positions.

3. Plaintiffs affirm that they shall at all times fully comply with the terms of the Confidentiality Agreement attached hereto as Exhibit A. Plaintiffs also specifically affirm that, except as otherwise expressly permitted herein, they will not disclose to any third party any confidential documents or information learned or obtained regarding MD or any affiliate of MD during or after Mr. Marsteller's employment by MD, including, without limitation, (1) any confidential documents obtained during or after his employment with MD; (2) any confidential information learned during or after his employment with MD.

4. The Parties agree not to disclose the terms of their settlement, except as may be expressly provided in the Parties' Settlement Agreement.

5. Plaintiffs affirm that they will not induce or seek to induce any current or former employee of MD to breach that employee's non-disclosure agreement with MD, including, without limitation, by seeking to obtain any confidential documents or information regarding MD or any affiliate of MD from any current or former employee of MD or any affiliate of MD, or by soliciting, inducing, assisting, or encouraging such person to leak, disseminate, or make public any Confidential Information, as the term is defined in the Confidentiality Agreement. Plaintiffs specifically affirm that, except as otherwise expressly permitted herein, they will not disclose to any third party any confidential documents or information regarding MD or any affiliate of MD that they learned or obtained from any current or former employee of MD or any affiliate of MD.

6. Plaintiffs agree not to disparage MD or its affiliates, including by way of example and not limitation Lynn Tilton; Patriarch Partners, LLC; and Patriarch Partners Management Group, LLC.

7. Paragraph 16 of the current Amended Protective Order (Doc. 158) is amended to read as follows:

|   |   |
|---|---|
| 1 | Subject to the limitations in this Paragraph 16, Plaintiffs may provide factual |
| 2 | information to counsel (including counsel's agents or retained experts), co-Relator |
| 3 | Robert Matthew Swisher, government counsel (and their agents) in the action |
| 4 | captioned *United States ex rel. Marsteller and Swisher v. MD Helicopters, Inc., et |
| 5 | al.* No. 5:13-cv-00830-AKK, pending in the U.S. District Court for the Northern |
| 6 | District of Alabama ("*Qui Tam* Litigation"), or the Court, solely as necessary to |
| 7 | prosecute the *Qui Tam* Litigation.  Providing such information pursuant to this |
| 8 | Paragraph 16 shall not constitute a violation of this Order.  As to information |
| 9 | covered by Mr. Marsteller's Confidentiality Agreement or that was produced in this |
| 10 | action and designated as CONFIDENTIAL or ATTORNEYS EYES ONLY, this |
| 11 | Order shall not preclude the use of such information in the *Qui Tam* Litigation or |
| 12 | the disclosure of such information to parties or counsel in the *Qui Tam* Litigation |
| 13 | **provided that prior to any such use or disclosure** (1) the court with authority over |
| 14 | the *Qui Tam* Litigation enters a protective order governing the use or disclosure of |
| 15 | such information in that action; **and** (2) either (a) the parties agree to the use or |
| 16 | disclosure of such information, or (b) the court in the *Qui Tam* Litigation authorizes |
| 17 | the use or disclosure of such information in the *Qui Tam* Litigation.  Plaintiffs may |
| 18 | not retain, or after November 4, 2018 seek or obtain from any person or entity, any |
| 19 | documents (1) subject to the Confidentiality Agreement in Exhibit A, (2) obtained |
| 20 | in the course of discovery in this action, (3) obtained by Plaintiffs while Mr. |
| 21 | Marsteller was employed by MD if such documents relate to MD or any affiliate of |
| 22 | MD; or (4) obtained by Plaintiffs at any time from any current or former employee |
| 23 | of MD or of any affiliate of MD if such documents relate to MD or any affiliate of |
| 24 | MD, provided, however, that Plaintiffs may retain any documents provided to Mr. |
| 25 | Marsteller by MD during the ordinary course of his employment pertaining to Mr. |
| 26 | Marsteller's health benefits or retirement benefits, or reflecting the amount of |
| 27 | income Mr. Marsteller received from Defendant, including by way of example his |
| 28 | Form W-2.  Plaintiffs may not create new documents containing, reflecting, |

describing, or derived from any documents falling into one or more of the foregoing categories.

8. Paragraph 17 of the current Amended Protective Order (Doc. 158) is amended to read as follows:

> Within 30 days after entry of this Order, Plaintiffs shall provide all documents, electronically stored information, and tangible things (collectively, "documents") regarding MD or any affiliate of MD in Plaintiffs' possession, custody or control, whether obtained or received from any source and whether in paper, electronic or other form, to Plaintiffs' counsel, Loevy & Loevy. Plaintiffs shall promptly thereafter provide a sworn affidavit to MD attesting that both Plaintiffs have made a complete transfer to their counsel and/or a complete destruction of all such documents, that neither Plaintiff retains any such documents and information, and that, other than those documents that are no longer in any Plaintiff's possession, custody, or control because they were transferred prior to November 4, 2018, to the government or other third-parties and the fact of such transfer was disclosed in either a discovery response or a document produced in this action, neither Plaintiff has transferred any such documents to any third party other than its counsel, Loevy & Loevy, which shall retain sole custody of such documents and shall not return them to Plaintiffs.

9. The Parties agree that their respective counsel will preserve all of the documents produced by the Parties and any third parties in this action, including but not limited to the Office of the Inspector General of the Department of Defense ("DODig"), Cherie Erickson and Kathy Rupp, until the final resolution of the *Qui Tam* Litigation, including the exhaustion of all appeals, at which time Loevy & Loevy shall destroy all such documents and certify such destruction to counsel for MD within 60 days of such final resolution. By agreeing to entry of this Order, neither party waives any objection to the authenticity, relevance, or admissibility of any evidence in the *Qui Tam* Litigation, including any evidence first produced in this litigation.

10.  The Parties agree that a violation by either Plaintiff of the obligations set forth in Paragraphs 3 through 8 of this Order may constitute contempt of Court and will expose the violating party to a possible award of monetary and/or non-monetary sanctions as deemed appropriate by the Court, without proof of actual damages caused by the violation. The Parties agree that MD or its affiliates may enforce the provisions of Paragraphs 3 through 8 of this Order.

11.  The Court shall retain jurisdiction over the Parties and this Order during and after final disposition of this action to enforce this Order and to make such amendments, modifications, deletions, and additions to this Order as the Court may from time to time deem appropriate or as may be requested by the Parties.

Based on the foregoing, the Parties stipulate that this action should be dismissed with prejudice and with each side to bear its own costs, expenses, and fees.

Dated this 2nd day of January, 2019.

_____
Douglas L. Rayes
United States District Judge